IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DEREK HARDESTY, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| vs. | ) Civil No. 16-cv-359-JPG-DGW |
| | ) |
| COMMISSIONER of SOCIAL SECURITY, | ) |
| | ) |
|     Defendant. | ) |

## ORDER for ATTORNEY'S FEES

**WILKERSON, Magistrate Judge:**

This matter is before the Court on Plaintiff's Unopposed Supplemental Motion for Approval of Attorney's Fees Pursuant to 42 U.S.C. § 406(b) (Doc. 35). Plaintiff's counsel states that defendant's counsel has informed him that he has no objection to the motion.

After this Court reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g), the Commissioner granted plaintiff's application for benefits. The fee agreement between plaintiff and his attorney (Doc. 35, Ex. 2) provided for a fee of 25% of plaintiff's past-due benefits, including past-due benefits owed to eligible beneficiaries. Plaintiff's child has now been awarded past-due benefits based on plaintiff's disability record. The Commissioner withheld 25% of the past due amount payable to plaintiff 's child ($8,101.25) pending court approval of the fee. (Doc. 35, Ex. 1). This amount is in addition to the fee awarded based on the past-due benefits paid to plaintiff. See, Doc. 34.

42 U.S.C. § 406(b)(1)(A) provides that the Court may allow a "reasonable fee," not in excess of 25% of the total of the past-due benefits. However, if the

Court approves such a fee, "no other fee may be payable or certified for payment for such representation except as provided in this paragraph." *Ibid*. In practical terms, this means that, when a fee is awarded under § 406(b)(1), counsel must refund any amount previously awarded under the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1)(B). Counsel has already done so here.

The Supreme Court has held that § 406(b)(1) controls, but does not displace, contingent fee agreement in social security cases:

> Most plausibly read, we conclude, § 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court. Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases.

*Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002).

Having reviewed the circumstances presented here, including the time and effort expended by counsel, the excellent result received by plaintiff and his child, the amount of the past-due benefits and the value of the projected benefits, the Court concludes that the additional $8,101.25 is a reasonable fee here.

The Court notes that the Commissioner does not oppose the motion. While the Commissioner has no direct stake in the § 406(b)(1) fee request, he "plays a part in the fee determination resembling that of a trustee for the claimants." *Gisbrecht*, 535 U.S. at 798, n. 6.

Wherefore, Plaintiff's Unopposed Supplemental Motion for Approval of Attorney's Fees Pursuant to 42 U.S.C. § 406(b) **(Doc. 35)** is **GRANTED**. The Court awards plaintiff's counsel Barry A. Schultz a fee of $8,101.25 (eight thousand, one hundred and one dollars and twenty-five cents).

**IT IS SO ORDERED.**

**DATED:** September 6, 2019.

／s／ Donald G. Wilkerson
**DONALD G. WILKERSON
UNITED STATES MAGISTRATE JUDGE**